UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 JUN 11 PM 1:04

MARGARET BOTKINS, CLERK
CASPER

| | |
|---|---|
| STATE OF WYOMING and STATE OF MONTANA,<br><br>Petitioners,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Respondents,<br><br>and<br><br>NORTHERN CHEYENNE TRIBE, *et al.*,<br><br>Intervenor-Respondents. | Case No. 24-CV-00257-SWS<br>**(Lead Case)** |
| NAVAJO TRANSITIONAL ENERGY COMPANY, L.L.C., and NATIONAL MINING ASSOCIATION,<br><br>Petitioners,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Respondents,<br><br>and<br><br>NORTHERN CHEYENNE TRIBE, *et al.*,<br><br>Intervenor-Respondents. | Case No. 24-CV-264-SWS<br>(Joined Case) |
| WESTMORELAND MINING HOLDINGS, LLC, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Respondents,<br><br>and<br><br>NORTHERN CHEYENNE TRIBE, *et al.*,<br><br>Intervenor-Respondents. | Case No. 25-CV-33-SWS<br>(Joined Case) |

## ORDER GRANTING REMAND AND STAYING CONSOLIDATED PROCEEDINGS

These consolidated matters come before the Court on the following motions:

(1)     Motion for Voluntary Remand filed by the Federal Respondents (24cv264 ECF 51), and the responses thereto (24cv264 ECF 53, 54); and

(2)     Joint Motion to Stay filed by the Petitioner States and Federal Respondents (24cv257 ECF 54).

Having considered the submissions, reviewed the records herein, and being otherwise fully advised, the Court finds the challenged Resource Management Plan Amendments (RMPAs) should be remanded to the U.S. Bureau of Land Management (BLM) for further consideration and potential revision, and these consolidated cases should be stayed pending the BLM's actions.

The Court first addresses the issue of voluntary remand. In each of these consolidated cases, the petitioners assert challenges under the Administrative Procedure Act (APA) against the same two RMPAs enacted by the BLM in 2024. "Administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. Fed. Commc'ns Comm'n*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

> In accordance with this authority, an "agency may request a remand (without confessing error) in order to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Where such a request is made, "the reviewing court has discretion over whether to remand." *Id.* While a "remand may be refused if the agency's request is frivolous or in bad faith, ... if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id.*

*Navajo Nation v. Regan*, 563 F. Supp. 3d 1164, 1167 (D.N.M. 2021).

No party opposes the Federal Respondents' request for voluntary remand, though some

parties ask that certain conditions be included with the remand. (*See* ECF 53, 54.) The Court does not find the Federal Respondents' request for remand to be frivolous or in bad faith. In short, because the BLM holds substantial and legitimate concerns the challenged RMPAs are inconsistent with the new administration's policy directives (24cv264 ECF 51 pp. 2, 5-6), the Court finds the BLM should be allowed to review and reconsider the RMPAs at this time and that doing so would best conserve the parties' and the Court's resources. Accordingly, the Court will remand the challenged RMPAs and associated Records of Decision to the BLM for reconsideration.

The request for a stay of these proceedings is both baked into the motion to remand (24cv264 ECF 51 p. 9) and separately requested by the State Petitioners and Federal Respondents (24cv257 ECF 54). A district court possesses "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is not a matter of right but of judicial discretion, with the proponent bearing the burden of showing a stay is warranted. *Id.* at 708; *Landis*, 299 U.S. at 255.

Because the Court will remand the challenged RMPAs to the agency for additional consideration, a stay of these proceedings is warranted, if not necessary. A substantial possibility exists that the BLM will amend the challenged RMPAs on remand, which would render moot any decision on the merits of the matter. The Court finds the proponents of the requested stay have shown the circumstances justify such a stay.

That leaves for consideration the Motion for Preliminary Injunction filed by Petitioner Navajo Transitional Energy Company L.L.C. (NTEC), which is currently pending (24cv264 ECF 8), as well as the Intervenor-Respondents' request that the Court "clarify that the Court's ongoing jurisdiction is limited to ensuring Federal Respondents' timely completion of remand proceedings"

(24cv264 ECF 53 p. 2). NTEC has two Lease By Applications (LBA) and a Lease Modification pending that are directly affected by the challenged RMPAs. (24cv264 ECF 51 p. 6.) The BLM has committed to refrain from taking any adverse action on NTEC's LBAs and Lease Modification while the RMPAs are under review on remand. (*Id.* pp. 8-9.) The Court finds this commitment sufficiently pacifies NTEC's primary concerns for a while, but not forever. Affidavits included with NTEC's motion for preliminary injunction indicate that decisions affecting its mining operations based on the status of the RMPAs may need to be made as soon as late this year or sometime next year. (ECF 8-2 ¶ 17 (Decl. of Dave Hamlin); ECF 8-3 ¶ 19 (Decl of LaVern Lund).) Under these circumstances, the Court finds the best course is to stay the consolidated action, including the motion for preliminary injunction, while retaining jurisdiction for the limited purposes of (1) receiving regular status updates, and (2) allowing NTEC to pursue an expeditious decision on its motion for preliminary injunction if and when such a decision becomes immediately necessary.

In sum, the Court will remand the challenged RMPAs and associated Records of Decision for reconsideration by the BLM while staying this consolidated action, and the Court will ensure NTEC can trigger expeditious resolution of its preliminary-injunction request in the event the BLM's reconsideration drags on long enough to cause an imminent danger to NTEC's current mining interests.

**IT IS THEREFORE ORDERED** that the Motion for Voluntary Remand (24cv264 ECF 51) is **GRANTED**. The Buffalo Field Office Resource Management Plan Amendment (BFO RMPA) and the Miles City Office Resource Management Plan Amendment (MCO RMPA) challenged in this consolidated action, together with their associated Records of Decision, are hereby **REMANDED** to the U.S. Bureau of Land Management for reconsideration and potential

revision.

**IT IS FURTHER ORDERED** that the Joint Motion to Stay (24cv257 ECF 54) is **GRANTED**. All proceedings in this consolidated matter are hereby **STAYED** pending review of the challenged RMPAs by the U.S. BLM on remand. Federal Respondents shall file a status report concerning progress on remand on the last Tuesday of every other month, with the first such status report due July 29, 2025 (and the next on September 30, 2025, and so forth).

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over the matter while remand is pending to the extent that Petitioner NTEC may file a request for expeditious consideration of its pending motion for preliminary injunction under one of two scenarios: (1) Federal Respondents seek to take adverse action against any of NTEC's currently-pending Lease by Applications or Lease Modification while the RMPAs are before the U.S. BLM on remand, or (2) the U.S. BLM's reconsideration on remand is not completed in time to avoid imminent danger to NTEC's current mining interests due to the challenged RMPAs.

**ORDERED**: June 11th, 2025.

Scott W. Skavdahl
United States District Judge